## *In re* Douglass, Bankrupt.

*(District Court, W. D. Pennsylvania.* April 1, 1882.)

1. DISCHARGE—APPLICATION TO ANNUL.

A creditor having a provable debt may make application to have the bankrupt's discharge annulled. To enable him to contest the validity of the discharge, proof of the debt is not a *sine qua non.*

2. EFFECT OF DELAY.

In the absence of some special ground of estoppel, mere delay, if it does not exceed two years, will not defeat an application to annul a discharge.

3. SAME—CREDITOR, WHEN ESTOPPED.

Where specifications of opposition to a discharge were filed by certain creditors, and, after pending in court for a year, were withdrawn and the bankrupt discharged, another creditor, who was represented in the bankruptcy proceedings by the same solicitor who acted for the objecting creditors, will not be heard to assert personal ignorance before the granting of the discharge of the matters contained in said specifications, nor permitted to set them up as grounds for avoiding the discharge.

4. SAME—ASSENT PROCURED BY FRAUD.

If the assent of a creditor to a discharge was corruptly procured, and this is assigned as a ground for annulling the same, it is no answer to say that the assent of that creditor was altogether unnecessary.

*Neill & Heywang* and *W. K. Jennings,* for creditor.

*John M. Kennedy,* for bankrupt.

ACHESON, D. J. On February 25, 1881, Mrs. Nannie Church, a creditor of the bankrupt, presented her petition praying the court to annul the discharge which was granted to the bankrupt on March 6, 1879, the petition setting forth the grounds of avoidance. The bank-

rupt has moved the court to dismiss the petition, and assigns a number of reasons in support of his motion.

In so far as these reasons touch the question of Mrs. Church's proof of debt, I think they are not well founded. Any creditor "whose debt was proved or *provable* against the estate in bankruptcy," may contest the validity of a discharge. Rev. St. § 5120. Proof of debt is not a *sine qua non*. Mrs. Church is a creditor of the bankrupt, confessedly. Hence it is immaterial whether or not the proof she filed in court with her present petition is regular. Nor is it fatal to her case that her original proof of debt was rejected by the register, and his action confirmed by the court, for it was so rejected solely for informality. That it was a provable debt seems clear.

But it is objected that Mrs. Church has been guilty of such unreasonable delay in filing her petition that for this cause alone it should be dismissed. But the statute provides that a creditor who desires to contest the validity of a discharge on the ground that it was fraudulently obtained, may, "at any time within two years after the date thereof," apply to the court which granted it to annul the same. Now Mrs. Church's application was made within the statutory period, and that is enough. It is not for the court to shorten the limitation fixed by the statute. In the absence of some special grounds of estoppel, mere delay, if it does not exceed two years, will not defeat an application to annul a discharge. Hence, the further objection that Mrs. Church's petition does not specify the time when she acquired knowledge of the alleged fraudulent acts, is not well taken. Her petition does allege that they were not known to her before the granting of the discharge, and this is sufficient under the terms of the statute. Section 5120.

But a totally different question is presented by the objection that, as respects the grounds for avoiding the discharge, numbered from "one" to "seven," inclusive, it is not competent for the petitioner to allege that she had no knowledge of them prior to the granting of the discharge, and that she cannot set them up to avoid the same. To appreciate the force of this objection, a brief recital of the facts is necessary:

Upon January 25, 1878, the return-day of the order to show cause why the bankrupt's prayer for his discharge should not be granted, Roger Sherman, Esq., appeared before the register as solicitor, and in behalf of certain creditors of the bankrupt, viz., Emma Leonhart, Orville B. Crareus, Thomas J. Smyth, Charles J. Carson, and the Second National Bank of Titusville, in opposition to the bankrupt's discharge; and on the eleventh of February, 1878, he filed, in behalf of said named creditors, written specifications of objections to

the discharge, which the court, on March 29, 1878, ordered for trial by jury at the next term. These specifications embraced, in detail, all the matters set forth in Mrs. Church's petition, exclusive of what is contained in her eighth ground of avoidance, for her sixth ground rests upon the same matter as the fifth, and these two go together. On January 29, 1878, at an adjourned hearing of the order to show cause, Roger Sherman, Esq., as solicitor for and in behalf of Mrs. Nannie Church, appeared before the register, and presented her proof debt against the bankrupt's estate, and asked that it be allowed and computed in determining the number and amount of assets necessary to the discharge. The register's report, as to the statutory number and value of the assets, was filed in court February 23, 1878. By this report it appears that the register, in his computation, rejected Mrs. Church's proof of debt for informality. This report was confirmed by the court March 6, 1879. On the same day, the said named objecting creditors, by a writing filed in court, signed by their solicitor, Roger Sherman, Esq., withdrew their specifications of opposition, and thereupon the discharge was granted. It further appears that, under an order of court made at the instance of some of the creditors, the bankrupt had been examined before the register. That examination, which was filed in court on February 23, 1878, relates to most of the transactions and matters specified in Mrs. Church's petition. Other persons had also been examined touching some of said transactions, and their testimony was then on the files of the court.

In view of these facts, can Mrs. Church reopen the controversy touching the transactions to which the said specifications of objection to the bankrupt's discharge related? Is it allowable to her to assert that she was personally ignorant before the discharge was granted of the said matters? These questions, it seems to me, must be answered negatively. Mrs. Church was not only a party to the bankruptcy proceedings in the general sense in which all notified creditors of a bankrupt may be said to be parties, but she actively participated therein. Pending the application for the bankrupt's discharge she appeared by counsel before the register and presented her proof of debt, and sought to have it allowed and computed against the bankrupt. A few days thereafter the said specifications of objection were prepared and filed by her own solicitor, Mr. Sherman, in the names, it is true, of other creditors. That Mr. Sherman was acting as Mrs. Church's solicitor in these bankruptcy proceedings down until the time of the discharge, is indisputable. His knowledge, therefore, under all the circumstances, must be imputed to his client, Mrs. Church. *Barnes v. McClinton*, 3 Pen. & Watts, 67; *The Distilled Spirits Case*, 11 Wall. 356. Upon such a state of facts as we have here, it would be very oppressive upon a bankrupt to permit a creditor in the situation of Mrs. Church to go back of the order of discharge to litigate afresh

questions which had been fully raised upon the record and disposed of. I am of opinion that it cannot be done.

But the eighth ground for annulling the discharge set forth in the petition is new, the allegation being that the bankrupt influenced the above-named objecting creditors to cease their opposition to his discharge, and procured their assent thereto, by paying them a money consideration. As to the truth of this charge I think Mrs. Church is entitled to be heard. It has been already shown that her application was not too late, and that her want of prior knowledge as respects this particular matter is sufficiently averred. It has indeed been urged that the assent of said creditors was not necessary to secure the discharge, the record showing that the bankrupt had the statutory quorum of assents without the opposing creditors. But this is not a satisfactory answer. In *Re Palmer,* 14 N. B. R. 437, it was held by Chief Justice Waite that a discharge must be refused where the assent of a creditor was procured by a pecuniary consideration, although his assent was altogether unnecessary. Moreover, the substance of the charge here made is that the withdrawal of the specifications of objection was corruptly procured. The petition in this regard brings the case clearly within the eighth division of section 5110 and of section 5120, Rev. St.

And now, April 1, 1882, the grounds of avoidance set forth in the petition of Mrs. Nannie Church, numbered from 1 to 7 inclusive, are overruled, and as to them the motion to dismiss is allowed; but as to the residue of the petition the motion is denied.