## In re CARLUCCI STONE CO.

(District Court, M. D. Pennsylvania. December 28, 1920.)

No. 2437.

1. **Bankruptcy ☞372—Petition to reopen estate need not be formal, being sufficient if showing estate was closed before fully administered.**

   Under Bankruptcy Act, § 2, subd. 8 (Comp. St. § 9586), the proceeding to reopen an estate need not be formal, and a petition is sufficient to support an order to reopen, if it contains sufficient information to satisfy the court of the jurisdictional fact that the estate was closed before fully administered.

2. **Bankruptcy ☞372—Where petition alleges assets of the bankrupt remain unadministered, court may reopen the proceedings.**

   When a petition contains allegations of fact satisfying the conscience of the court, prima facie, that assets of the bankrupt remain unadministered, the court in the exercise of its discretion may reopen the proceedings.

3. **Bankruptcy ☞372—Order reopening the estate will be reversed only for abuse of discretion.**

   An order reopening the estate of a bankrupt will be reversed only for an abuse of the discretion of the court; that is, where the court acts arbitrarily or without apparent reason and authority.

In Bankruptcy. In the matter of the Carlucci Stone Company, bankrupt. Sur petition to reopen estate for further proceedings. On rule to set aside the order reopening the estate. Rule dismissed.

Lee P. Stark, of Scranton, Pa., for petitioner.
John Memolo, of Scranton, Pa., for bankrupt.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WITMER, District Judge. On examination of the petition it appears that the order opening and referring for further proceedings was orderly, and founded on a petition alleging the necessary jurisdictional facts. This is the only matter entitled to consideration. Whether the trustee has a meritorious and valid claim against the bankrupt, on which he is endeavoring to recover by bill in equity filed, is another matter, and will receive consideration in its order.

[1] Complaint is made that the opening order was ex parte. In answer it may be said that the proceeding to reopen, authorized by section 2, subdivision 8 of the Bankruptcy Act (Comp. St. § 9586), need not be formal. The order may be based on a petition without technical conformity of any kind, if it contains sufficient information to satisfy the court of the necessary jurisdictional fact, to wit, that the estate was closed before it was fully administered. In re Newton (C. C. A. 8th Cir.) 6 Am. Bankr. R. 52, 107 Fed. 430, 49 C. C. A. 399; In re Graff et al. (C. C. A. 2d Cir.) 250 Fed. 997, 163 C. C. A. 247.

[2, 3] When the petition contains allegations of fact satisfying the conscience of the court, prima facie, that assets of the bankrupt remain unadministered, the court, in the exercise of its discretion, may reopen the proceedings. Matter of Paine (D. C.) 11 Am. Bankr. R. 351, 127 Fed. 246. It is only for the abuse of discretion that the court will be reversed; that is, where the court acts arbitrarily, or without apparent reason and authority. In re Goldman, 11 Am. Bankr. R. 707, 129 Fed. 212, 63 C. C. A. 370.

Such has not been the case here. The petition on which the order was based contains the required information supporting the order entered, and the same will not be disturbed.

The rule to set aside is dismissed, at the cost of the petitioner