**In re WALDEN and four other cases.**

**Nos. 11895, 13245, 14170, 14399, 15209.**

**District Court, W. D. Missouri, W. D.**

Feb. 25, 1942.

Tyrce G. Newbill (of Newbill & Brannock), of Kansas City, Mo., for bankrupt Joseph E. Butler.

Martha V. McLendon, of Kansas City, Mo., for all other bankrupts.

Warren S. Earhart, of Kansas City, Mo., for creditor-movants.

REEVES, District Judge.

Each of the above estates has been administered and closed and the bankrupts have been discharged.

The creditor-movants, although listed as creditors by the bankrupts, did not file or prove their claims within the time prescribed by law.

The bankrupts are on the moment of coming into possession of property which constituted, at least, a chose in action at the time they invoked the benefits of the bankruptcy law. They were employed as operators of switch engines for the Alton Railroad Company in its yards at Mexico, Missouri. The switch engine yard service was abandoned by the railroad company on March 20, 1932. In an effort, by the bankrupts, to have service restored and their employment resumed, under date of July 23, 1936, a formal letter was addressed to the railroad asking for the restoration and reestablishment of such yard service. On June 15, 1937 this request was amend-

360

ed so as to lay a claim by them for services, which they were available to render, during the time they were deprived of their yard work. On January 28, 1941 the National Railroad Adjustment Board, First Division, made an award upon said claim in favor of the bankrupts. Although not yet paid, the bankrupts will shortly receive the amount of the awards. Several questions are posed and will be discussed.

1. Section 93, Title 11 U.S.C.A., relates to the proof and allowance of claims. By subparagraph n thereof, subject to certain qualifications, the time within which claims shall be filed is limited to six months after the first date set for the first meeting of creditors.

Special provisos of the section need not be commented upon for the reason that they are not pertinent to this discussion. The last sentence of the paragraph contains these words: "When in any case all claims which have been duly allowed have been paid in full, claims not filed within the time hereinabove prescribed may nevertheless be filed within such time as the court may fix or for cause shown extend and, if duly proved, shall be allowed against any surplus remaining in such case."

. It may be suspected that this provision was enacted to meet the situation developed in Burton Coal Company v. Franklin Coal Co., 8 Cir., 67 F.2d 796. It was there properly held under the law as then written that a creditor which had failed to file its claim was barred, even though it appeared that all other creditors had been paid in full and there was a considerable surplus remaining in the hands of the trustee. The residue was even sufficient to satisfy the entire claim. Or it may be that the legislation was predicated upon the case of First National Bank v. Virginia Oil & Refining Co., 5 Cir., 86 F.2d 770, where it was obvious that the funds in the hands of the trustee were not only sufficient to pay all creditors with proved claims but there would remain a large surplus for the creditor who sought, out of time, to file and prove its claim.

■ 2. The motions to reopen these cases do not bring the movant-creditors within the purview of that provision. It is not made to appear that the amount awarded the bankrupts would constitute a surplus. Moreover, the liberal provision above quoted contemplates that the estates

are still open and that, before having been closed, all creditors with claims have been paid, and a surplus remains for the benefit of other creditors who might be permitted to come in. Under the statute it is a mere concession in favor of dilatory creditors while the estate is still being administered.

3. While the facts were different in Phillips v. Tarrier Co., 5 Cir., 93 F.2d 674, 675, yet the principle applied there governs these cases. In the Phillips case the bankrupt had endeavored to reopen the case so as to amend his schedules by showing Tarrier Co. as a creditor. Even though Tarrier Co. had not been scheduled by the bankrupt, nevertheless the court said that it was barred by said section 93, sub. n, "from now filing and presenting its claim."

4. The case relied upon by the movant creditors is that of Williams et al. v. Rice, 5 Cir., 30 F.2d 814. In that case the bankrupts themselves, long after their discharge and for a considerable period after the estate had been closed, filed a petition to reopen the estate. They alleged that an asset valued at $1,500 should have been inventoried in the estate. They had unwittingly failed to list it. When the estate was opened, and after the payment of expenses, the bankrupts claimed the surplus. They made such claim upon the ground that creditors had not filed their claims within the time limited by the bankruptcy act. In that opinion the court refused to pay over the surplus to the bankrupts. It did not adjudicate that creditors should have a right to file and prove claims for the reason that that question was not before the court. The court intimated, however, that creditors under the circumstances of the case should be permitted to file their claims. It was doubtless also because of this decision that the Congress attached the amendment above quoted in the Chandler Act. The bankrupts were denied the right to profit by their own wrong.

■ In this case the bankrupts did not unwittingly omit the assets about to come into their hands; it was not only unknown to them but could not have been known or reasonably suspected at the time of their several proceedings in bankruptcy. If they were here seeking to reopen the case, a different question might arise. Since there was no fault on their part and in view of the fact that the creditors failed to propound their claims seasonably they should

not now be permitted to reopen the estates long since closed.

The several motions to reopen the administration will be denied.