**In re FRUCHTER.**

District Court, S. D. New York.

April 12, 1943.

David Haar, of New York City, for bankrupt.

Leo E. Ypsilanti, of New York City, for petitioner.

HULBERT, District Judge.

This is a motion to secure, among other relief, an order vacating a discharge in bankruptcy granted nearly four years ago.

Attached to the notice of motion is an affidavit, verified by Leo E. Ypsilanti, a member of the bar of this court, as attorney for one Irving Gerber who, it was stated on the argument, did not verify the affidavit because he is in the Armed Forces of the United States, although there is no statement to that effect in the moving papers.

On or about January 20, 1927, Honeywell Holding Corporation obtained a judgment in the New York Supreme Court, County of New York, against Alton Fruchter in the sum of $367.79. It is alleged that on December 8, 1941, Honeywell Holding Corporation, by an instrument in writing, assigned the judgment to Irving Gerber and that no part of said judgment has been paid.

On February 10, 1939, Alton Fruchter filed a voluntary petition in bankruptcy in this court and thereafter, on April 28, 1939, was granted his discharge.

According to the records in this proceeding the bankrupt listed Honeywell *F*olding Company, 215 West 92nd Street, New York City, New York, as a creditor, and a notice of the first meeting of creditors addressed to Honeywell *F*olding Company at that address was returned marked "not found." This was also true of the notice fixing time for filing objections to bankrupt's discharge.

The name of the judgment creditor is Honeywell *H*olding Corporation, whose address was 749 West End Avenue, New York, N. Y.

The schedules in bankruptcy listed liabilities as $23,310.86 and assets at only $50.00 (wearing apparel).

The record further discloses that a claim was filed by only one creditor, no receiver was appointed, no trustee was elected and the proceedings were closed by the Referee.

The application to vacate the discharge, reopen the proceedings, elect a trustee and punish the bankrupt for contempt of court is based upon the following disclosures:

On January 1, 1939, the bankrupt had two bank accounts:

(1) In the Manhattan Savings Bank, New York, N. Y., account No. 272,691, in which there was a balance on that date of $427.10, of which $100 was withdrawn on January 7, 1939, leaving a balance of $327.-10, on the date of the filing of the voluntary petition in bankruptcy herein. $22 was withdrawn on February 14, 1939; interest of $1.52 was credited on April 1, and $25 deposited on April 4, and $225 withdrawn on April 4, so that on the date of the bankrupt's discharge the balance in that bank was $106.62.

(2) In the Bowery Savings Bank, New York, N. Y., account No. 1215812, on January 1, 1939, the bankrupt had a balance of $309.40. He claims this book was lost and reported that fact to the Bank Nov. 25, 1941. He alleges, in an answering affidavit, that a friend called his attention to the fact that this account was listed in an advertisement inserted by the Bank in a local New York paper in accordance with the laws of this State, as a dormant account. He produced an affidavit which satisfied the requirements of the Bank, and withdrew the balance, with accrued interest, amounting to $320.20 on December 3, 1941.

In opposition to the motion, the bankrupt asserts:

 1. That the court is without jurisdiction as he is now, and has been for the past five years, a resident of Philadelphia, Pennsylvania, and service of the notice of motion was made upon him by mail.

This objection is without merit because he has made a general appearance by attorney upon this motion.

 2. The bankrupt contends that this motion should be dismissed since it is based upon an affidavit instead of a petition.

Section 15 of the Bankruptcy Act, Title 11 U.S.C.A. Chap. 3, § 33, reads as follows: "Sec. 15. Discharges, When Revoked. The court may, upon the application of parties in interest who have not been guilty of undue laches, filed at any time within one year after a discharge shall have been granted, revoke it if it shall be made to appear that it was obtained through the fraud of the bankrupt, that the knowledge of the fraud has come to the petitioners since the granting of the discharge and that the actual facts did not warrant the discharge."

While the statute refers to "parties in interest" as "petitioners" the court is disposed to look at the substance rather than the form, especially since the moving party is referred to as "petitioner" in the affidavit of his attorney.

The records of the County Clerk, New York County, do not indicate that an assignment of the judgment to Gerber was ever filed, nor does it appear whether the bankrupt ever had the judgment discharged of record.

 3. The bankrupt contends that the moving party cannot be the assignee of a judgment which has been discharged in bankruptcy.

If the judgment creditor (Honeywell Holding Corporation) was not properly scheduled and did not receive notice or did not have knowledge of the bankruptcy so that it might have filed a claim, that claim has not been discharged. Even if the moving party has no standing to revoke the discharge a more important question is whether a fraud was practiced on the court by the bankrupt in concealing assets which he was bound in conscience and good faith to disclose as a condition for being relieved of the burden of his liabilities.

A reference will, therefore, be had to a Referee in Bankruptcy, as Special Master, to hear and report with his opinion:

(a) Whether Honeywell Holding Corporation was properly scheduled and had notice of these proceedings or had knowledge of them;

(b) Whether said judgment was assigned to the moving party, and

(c) Whether fraud was practiced by the bankrupt upon this court in such proceedings.

Settle order on notice.