## GERBER v. FRUCHTER.

### No. 200.

Circuit Court of Appeals, Second Circuit.

Jan. 12, 1945.

David Haar, of New York City, for appellant.

No appearance for appellee.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

Alton Fruchter, the bankrupt, filed his voluntary petition on February 10, 1939, and was granted a discharge on April 28 of that year. On March 23, 1943, Irving Gerber moved in the District Court for an order appointing a trustee to administer newly discovered assets of the bankrupt, vacating the discharge because of the bankrupt's fraudulent concealment of assets, and punishing of the bankrupt by fine for contempt of court in concealing his assets and swearing falsely in his petition. A notice of motion was served on the bankrupt at his office in Philadelphia, Pa., to which city he had removed. The District Court overruled the bankrupt's objections to its jurisdiction and referred the issues for a hearing before a special master. In re Fruchter, D.C., 50 F.Supp. 1. The special master found that on January 20, 1927, Honeywell Holding Corporation recovered a judgment against the bankrupt in the sum of $367.79; that in his schedule of creditors the bankrupt listed that company as "Honeywell Folding Corporation"; that Honeywell Holding Corporation never filed a claim in the bankruptcy proceeding; that it never received formal notice of these proceedings; and that on December 8, 1941, the judgment in question was assigned to Irving Gerber for a consideration of $50.

He further found that Fruchter was guilty of fraud on the bankruptcy court, as evidenced by the fact that he verified his schedules, which stated that he had no deposit in any bank and no books or records, while at the time he actually had $327.10 in the Manhattan Savings Bank, and approximately $320 in the Bowery Savings Bank.

■ Thereafter the District Court confirmed the special master's report, denied the vacation of the discharge, presumably because application was not made within a year, Bankruptcy Act, § 15, 11 U.S.C.A. § 33, reopened the proceedings for the administration of the moneys which the bankrupt failed to turn over, and deferred any further action looking toward punishing Fruchter for his fraud. Fruchter brings this appeal from both orders of the District Court. He challenges the jurisdiction of the court and the status of the petitioner in the proceedings. We agree with his objection to that part of the decision below which held that he was barred from raising issues of jurisdiction by his "general appearance"; for F. R. C. P. 12(b), 28 U.S.C.A. following section 723c, made applicable by General Order 37, 11 U.S.C.A. following section 53, provides the contrary. Orange Theatre Corporation v. Rayherstz Amusement Corporation, 3 Cir., 139 F.2d 871; 3 Fed.Rules Serv. 669 and cases cited. The two questions thus involved in this appeal are: (1) Could the District Court proceed on the motion before it, though the bankrupt was served by notice of motion outside the territorial limits of the district and while residing outside those limits? (2) Could it reopen the bankruptcy proceeding, though the moving party had not filed any claim in the proceeding?

■ The statutory authority for the reopening of bankruptcy estates "for cause shown," Bankruptcy Act, § 2, sub. a(8), 11 U.S.C.A. § 11, sub. a(8), prescribes no formal procedure; but it has become customary to grant orders for further administration ex parte upon a showing by affidavits.[1] Since it is the obvious duty of bankruptcy administration to administer all assets, such orders are properly preliminary, if not exploratory in nature, involving no final adjudication of facts, or action adverse to the bankrupt or others, giving them standing to oppose. In re Leigh, 7

Cir., 272 F. 678, certiorari denied 256 U.S. 698, 41 S.Ct. 537, 65 L.Ed. 1177; Williams v. Rice, 5 Cir., 30 F.2d 814. But just as this is a convenient and practical method of proceeding, it is inadequate to settle disputed issues; and when these arise, a more formal trial, with full opportunity to be heard, must be accorded, either on the original petition, Sterling Nat. Bank & Trust Co. v. Boyajian, 2 Cir., 127 F.2d 713; cf. In re Chapman, D.C.N.D.N.Y., 55 F.2d 965, or on some later issue, such as a motion to vacate the order thus granted. In re Perlman, 2 Cir., 116 F.2d 49, reversing D.C.S.D.N.Y., 34 F.Supp. 684; Perlman v. 322 West Seventy-Second Street Co., 2 Cir., 127 F.2d 716; Tuffy v. Nichols, 2 Cir., 120 F.2d 906, certiorari denied Nichols v. Tuffy, 314 U.S. 660, 62 S.Ct. 113, 86 L.Ed. 528. The bankrupt concedes that his right to adequate service depends on the practical inquiry whether an adjudication really adverse to his interests is sought, and states that he has no objection to the mere reopening of the estate, provided the petitioner has standing to seek it. And we agree with him that the present motion involves more both in what was sought and in what was granted. Originally sought was also an order vacating the discharge and punishing the bankrupt for contempt; finally granted was an order formally confirming the specific findings and the conclusion that the bankrupt had "practised" fraud upon the bankruptcy court—an order obviously to be used as the basis for further direct proceedings against the bankrupt. We are clear, therefore, that the bankrupt was entitled to such notice as adversary proceedings instituted after the original adjudication may require. See 1 Collier on Bankruptcy, 14th Ed. 1940, 1507.

■ The issue is, therefore, whether the bankrupt is entitled to formal service within the judicial district as on a new proceeding, Bankruptcy Act, §§ 2, sub. a(1, 20), 18, sub. a, 11 U.S.C.A. §§ 11, sub. a(1, 20), 41, sub. a; F.R.C.P. 4(f), or is entitled only to reasonable notice, such as he actually received, as of further steps in the original proceeding or in proceedings ancillary thereto. It is, of course, well settled that in purely ancillary actions no service of original process is necessary and the venue is that of the original action. See

---

[1] In re Dixon, D.C.S.D.Ga., 49 F.Supp. 977; In re Levy, D.C.E.D.Pa., 259 F. 314; In re Carlucci Stone Co., D.C.M.D. Pa., 269 F. 795; and compare also cases cited below in the text.

Pacific R. R. of Missouri v. Missouri Pac. R. Co., 111 U.S. 505, 522, 4 S.Ct. 583, 28 L. Ed. 498; Lesnik v. Public Industrials Corporation, 2 Cir., 144 F.2d 968, and cases cited at 976. Here there is no change in the nature of the ultimate relief sought. Even if treated as a proceeding to vacate the discharge, the instant motion amounts to no more than would result from any motion appealing to the equity powers of the court to set aside its own judgment, cf. Fourteenth Ave. Security Loan Ass'n v. Squire, 3 Cir., 96 F.2d 799; In re Ingrao, D.C.W.D.N.Y., 40 F.2d 946; Perlman v. 322 West Seventy-Second Street Co., supra; F.R.C.P. 60(b), which, being a mere continuance of the original proceedings, need not be subjected to the increasingly anomalous restrictions of district lines. Cf. Mr. Justice Jackson's Cardozo lecture, Full Faith and Credit—the Lawyer's Clause of the Constitution, 112 N. Y.L.J. 1739-41, Dec. 18, 1944. The District Court's power to act in the premises comes from the specific provisions of the Bankruptcy Act, applicable after the acquisition of jurisdiction originally in the bankruptcy proceeding; it is significant that the only provision for process over the bankrupt as distinguished from notice is that at initiation of the proceedings, § 18, sub. a, supra, with which compare § 58, sub. b.

■ To the final question whether or not the District Court could reopen the proceeding and adjudicate the question of Fruchter's fraud, even though neither Gerber nor Honeywell Holding Corporation had filed any claim, the answer is clearly in the affirmative. True, the cases have held that the application for reopening must be made by an "interested party"; and a creditor cannot be thus categorized if he has failed to prove his claim within the time prescribed in § 57, sub. n, of the Act and is not within the savings provisions of that section. In re Walden, D.C.W.D. Mo., 43 F.Supp. 359; In re Quine, D.C.E. D.La., 38 F.Supp. 869. But since 1938, by virtue of the present final sentence of § 57, sub. n, a creditor who has not filed his claim in time may nevertheless have it allowed against any surplus remaining, and hence may apply for the reopening of the estate to discover such surplus. Hammer v. Tuffy, 2 Cir., 145 F.2d 447; In re Krieg, D.C.E.D.Pa., 37 F.Supp. 559; Oglebay, Some Developments in Bankruptcy Law, 17 J.N.A.Ref.Bankr. 127, 129. In the present case the only other claim filed was one

for $120, so that a surplus would remain after that amount is paid out if the moneys making up the bank accounts are recoverable. Gerber, therefore, is a party with an interest to protect and entitled to make the present motion.

■ Moreover, if the instant proceeding is properly treated as more than the usual action to reopen the estate, as we have heretofore indicated, then the propriety of the District Court's entertaining the instant motion becomes the clearer. For if treated as a motion to vacate the discharge, a creditor is not prevented from being a party in interest for the purpose of making such a motion because he has failed to file a claim. In re Levy, D.C.E.D.N.Y., 227 F. 1011; In re Douglass, D.C.W.D.Pa., 11 F. 403; 1 Collier on Bankruptcy, 14th Ed. 1940, 1497. This is without reference to the extent of the court's inherent power of its own motion to correct its judgments, an interesting question which does not require exploration here. Cf. In re Bimberg, D.C.S.D.N.Y., 121 F. 942; Bucy v. Nevada Const. Co., 9 Cir., 125 F.2d 213, 217; Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 245, 64 S.Ct. 997.

Affirmed.