## THOMAS v. BLYTHE.

(Circuit Court of Appeals, Fourth Circuit. May 23, 1893.)

### No. 39.

BANKRUPTCY—LIMITATION OF ACTIONS.

 Rev. St. § 5057, which bars suits between an assignee in bankruptcy and any person claiming an adverse interest in property transferable to or vested in the assignee, does not apply to a proceeding by the assignee against the bankrupt himself, to secure a fund withheld by him, and omitted from his schedules, in fraud of the assignee's rights. 45 Fed. Rep. 784, affirmed.

Appeal from the District Court of the United States for the District of South Carolina.

In Bankruptcy.

For report of the decision of the court below, see 45 Fed. Rep. 784.

J. P. K. Bryan, for appellant.

William E. Earle, for appellee.

Before FULLER, Circuit Justice, GOFF, Circuit Judge, and DICK, District Judge.

GOFF, Circuit Judge. William M. Thomas was on February 3, 1871, on his own petition, adjudged a bankrupt in the district court of the United States for the district of South Carolina. He has not, as yet, been discharged as such. At the time he was so adjudicated, a suit was pending in the court of common pleas, Greenville county, S. C., in his name, as plaintiff, against Mary Raymond, defendant, the object of which was to foreclose a mortgage on a lot of land in Greenville, executed by the said Mary Raymond to secure the payment of a note given by her to William M. Thomas for $7,000, dated August 25, 1863. Such proceedings were had in that cause that, after the crediting of the proceeds of the sale of the mortgaged property, there was still due said Thomas on such claim the sum of $3,421.04, for which a judgment was rendered on the 17th day of November, 1873. On the 28th day of July, 1871, an order was entered in the case, reciting the bankruptcy of William M. Thomas, and authorizing his assignee to continue the prosecution of the suit. The judgment rendered in Greenville county was transferred and recorded in Charleston county, where property of the judgment debtor was situated, and the clerk of the court was notified by Blythe, assignee, in writing, (of which record was made,) that he, as such representative of the bankrupt, was the owner of such judgment. On the 19th of January, 1876, John D. Warren instituted a suit against Henry M. Raymond (the heir at law of Mary Raymond, then deceased) and other parties, creditors of her estate, the object of which was to ascertain the debts and their priorities of said Mary and Henry M. Raymond, and satisfy the same by sale of the property held by the said Mary at the time of her death. William M. Thomas, bankrupt, and Absalom Blythe, his assignee, were parties defendant to that suit. The former, in his answer, repudiated the claim of his assignee to any interest in the Raymond judgment, while the latter, by his answer, insisted that the proceeds of the same were due him, and were the subject-matter of an issue pending in the United States district court for the district of South Carolina. This controversy the state court did not decide, but it ordered that, from the proceeds of the property sold, the full amount due on the judgment should be paid into the registry of the said district court to the credit of the bankruptcy proceedings mentioned, which was done on the 29th day of June, 1882. The assignee in bankruptcy then filed his petition

in the district court, praying that the fund be decreed to be a part of the estate of the bankrupt, and subject to distribution among his creditors. The contention of the assignee was that at the time of the adjudication of the bankruptcy of Thomas the said bankrupt was the owner of the Raymond claim, while, on the other hand, Thomas insisted that he had, previous to his bankruptcy, assigned the same for a valuable consideration to one Peter Thomas. The matter was referred by the court to a master, and a number of witnesses were examined, the said William M. Thomas among them. It appears that the Raymond claim had been assigned by William M. Thomas on several occasions to different persons, and the assignments afterwards canceled. Considerable feeling has been engendered during the progress of this suit, which has been earnestly prosecuted, and determinedly defended. The evidence is conflicting. We do not deem it necessary to set out the testimony of the different witnesses. It is voluminous, and, to say the least, it discloses a peculiar state of affairs, relative to the assets of the bankrupt estate. The assignee claimed that the evidence demonstrated that an effort had been made by the bankrupt to prevent the application of the fund realized from the Raymond judgment to the benefit of his creditors. The court below, in effect, so found. In this finding of the district court that William M. Thomas was, at the time he was adjudged a bankrupt, the owner of the Raymond judgment, and that title to it passed to his assignee, we concur. Sustaining, as we do, the court below in this conclusion, which in fact disposes of the entire controversy, we necessarily thereby disagree with the appellant in all his exceptions to the decree appealed from, save the one relating to the statute of limitations. Appellant contends that the district court erred in not holding that the proceeding by the assignee, asking the court to decree the proceeds of the Raymond judgment to be assets of the bankrupt's estate, was barred by the statute, because the petition having that object in view was not filed within two years after the adjudication of bankruptcy. The litigation in the state court in connection with this claim was not adverse to the assignee down to the time that William M. Thomas filed his answer in the Warren suit, in which he denied that his assignee had any right or interest in the same. From that time to the 29th of June, 1882, when the fund was transferred to the district court, this controversy was continued between the bankrupt and his assignee; and certainly it cannot be maintained that the statute was running against the latter when the litigation concerning the claim was so pending. When the transfer was made to the district court, the formal petition of the assignee was tendered, asking that the distribution of the fund be made, and the decree entered in connection therewith is the one appealed from, now under consideration. The appellant relies on section 5057 of the Revised Statutes of the United States, which reads as follows:

"No suit, either at law or in equity, shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest,

touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee; and this provision shall not in any case revive a right of action barred at the time when an assignee is appointed."

We hold that this provision of the bankrupt law does not apply to funds recovered in litigation to which the assignee, as well as the adversary claimant, were parties, and where the court holds the same for years pending proceedings to ascertain its proper disposition. The supreme court of the United States has held that this section of the Revised Statutes relates to suits by or against the assignee with respect to parties other than the bankrupt. Phelps v. McDonald, 99 U. S. 298. It has no application to a case like this, where the proceeding is against the bankrupt himself, and the object is to secure to his creditors certain funds withheld by him, and omitted from his schedules, in fraud of the rights of his assignee. The bankrupt cannot plead the statute of limitations against his assignee.

The only remaining exception is one relating to certain allowances made by the district court for fees and expenses. The court in which services are rendered and expenses incurred, where all the circumstances transpire, where the parties are known and the record is made, is, as a general rule, better qualified to determine such matters than is the appellate court. With the action of the court below in the matter of the allowances complained of we find no error. The decree appealed from is affirmed.