## ABRAHAM BILAFSKY *vs.* ABRAM ABRAHAM.

Suffolk.    March 11, 1903. — May 22, 1903.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, BARKER, & LORING, JJ.

*Bankruptcy*, Suits by trustee, Jurisdiction of referee.    *Words*, "Closed."

In the provision of the bankruptcy act of 1898, § 11, cl. d, that " suits shall not be brought by or against a trustee of a bankrupt estate subsequent to two years after the estate has been closed ", the word " closed " means properly and finally closed, and the provision is no bar to a suit brought by a trustee in bankruptcy, when the estate of the bankrupt has been reopened under § 2, cl. 8, of the bankruptcy act, upon a petition filed more than two years after the estate has been declared closed.

A referee in bankruptcy has jurisdiction of a petition, under § 2, cl. 8, of the bankruptcy act, to reopen the estate of the bankrupt after he has made an order closing it and returned his complete record to the court.

BILL IN EQUITY, filed July 12, 1902, by the trustee in bankruptcy of the estate of Louis Habolow, to obtain certain property alleged to be held by the defendant in fraud of the creditors of the bankrupt.

In the Superior Court the case was heard by *Sheldon*, J.    He found that the case of Habolow in bankruptcy was closed on December 7, 1899, and that on May 24, 1902, the estate of the bankrupt was reopened and the plaintiff was appointed trustee in bankruptcy of the estate.    The judge ruled that these facts would not constitute a defence to the plaintiff's bill, and at the request of the defendant, and being of opinion that this question should be determined by this court before further proceedings were had in the Superior Court, reported the case for such determination.

If the facts found by the judge constituted a defence to the suit, then the bill was to be dismissed; otherwise, the case was to stand for trial.

*H. P. Harriman*, (*D. Stoneman* with him,) for the defendant.
*J. C. Ivy*, for the plaintiff, submitted a brief.

KNOWLTON, C. J.    This is a suit in equity brought by a trustee in bankruptcy to recover property claimed as belonging to a bankrupt's estate.

The defence, so far as it is presented by the report before us, grows out of the fact that the estate had once been closed under the provisions of the bankruptcy act of 1898, § 2, cl. 8. This clause gives the court jurisdiction as follows: to " close estates, whenever it appears that they have been fully administered, by approving the final accounts and discharging the trustees, and reopen them whenever it appears they were closed before being fully administered." By a similar provision under clause 12, there is jurisdiction to " discharge or refuse to discharge bankrupts and set aside discharges and reinstate the cases." Under the first of these clauses, after the expiration of more than two years, an application was made to the referee by creditors of the bankrupt, setting forth the proceedings that had been taken in the court, and averring that the creditors recently had discovered certain claims against persons of good pecuniary responsibility, which belonged to the bankrupt's estate, and which appear upon the schedules and which remain uncollected and undischarged, and praying that the estate be reopened for further administration by the court. Upon this petition the estate was reopened, the plaintiff was appointed referee, and his bond was approved. It is now contended by the defendant that § 11, cl. d of this statute, is a bar to the suit, because it provides that " suits shall not be brought by or against a trustee of a bankrupt estate subsequent to two years after the estate has been closed." The question is whether this provision is applicable to an estate which has been closed under a misapprehension of the facts, before it was fully administered, and then reopened when that fact was subsequently made to appear. So far as we are aware, this question was never considered by any court before it arose in this case. Presumably it was passed upon by the referee in bankruptcy, for the only ground stated in the petition for reopening the estate was the existence of these claims which could be enforced only by a suit.

The estate can be reopened only when it appears that it was closed before being fully administered, that is, closed under a mistake of fact. The reopening of an estate is an adjudication that the closing of it was an error which ought to be corrected, and when it is reopened, it is for the purpose of having further administration of it. This further administration naturally in-

volves the collection of assets by suits, if necessary. There is no limitation in the statute as to the time within which an estate may be reopened, and it hardly can be contended that such a proceeding cannot be taken after the expiration of two years from the erroneous closing of it. If an estate may be reopened after the expiration of two years, it would be a strange anomaly if the collection of assets by suit, which in many cases would be the principal object of reopening an estate, should be prohibited by the statute. It seems to us that the word "closed" in this provision, means properly and finally closed, and if upon proceedings in the court of bankruptcy it appears that the order closing the estate was made under a mistake, and that an order should be entered reopening the estate for the purpose of having it further administered, it should be held, after the reopening, that the estate is open for the purpose of bringing suits, even though more than two years have elapsed since the entry of the original erroneous order. In this way, we think, effect will best be given to the purpose of the Congress to provide for a full and proper administration of the estates of bankrupts.

The defendant also contends that the referee had no jurisdiction to entertain the petition, and that it should have been heard before the judge of the district court. Even if this question is open here we are of opinion that this contention is not well founded. The case was originally referred to a referee. Although he had made an order closing the estate, and had returned his complete record to the court, we are of opinion that when a petition was presented averring the entry of the order upon an erroneous finding that the estate had been fully administered, and asking that the estate be reopened, the referee had jurisdiction of the petition. The twelfth of the general orders in bankruptcy * is very broad in its statement of the

---

* The general order referred to is as follows:

"XII. DUTIES OF REFEREE. 1. The order referring a case to a referee shall name a day upon which the bankrupt shall attend before the referee; and from that day the bankrupt shall be subject to the orders of the court in all matters relating to his bankruptcy, and may receive from the referee a protection against arrest, to continue until the final adjudication on his application for a discharge, unless suspended or vacated by order of the court. A copy of the order shall forthwith be sent by mail to the referee,

jurisdiction of a referee to·whom a case is referred. A petition of this kind is not one which, by the terms of the statute, must be heard by the judge of the district court, and the referee properly might entertain it.

*Case to stand for trial.*

---

or be delivered to him personally by the clerk or other officer of the court. And thereafter all the proceedings, except such as are required by the act or by these general orders to be had before the judge, shall be had before the referee.    2. The time when and the place where the referees shall act upon the matters arising under the several cases referred to them shall be fixed by special order of the judge, or by the referee; and at such times and places the referees may perform the duties which they are empowered by the act to perform.    3. Applications for a discharge, or for the approval of a composition, or for an injunction to stay proceedings of a court or officer of the United States or of a State, shall be heard and decided by the judge. But he may refer such an application, or any specified issue arising thereon, to the referee to ascertain and report the facts."    172 U. S. 657.