### In re E. S. WHEELER & CO

(Circuit Court of Appeals, Second Circuit. November 7, 1907.)

#### No. 72.

BANKRUPTCY—EXAMINATION OF WITNESS CONCERNING ACTS OR PROPERTY OF BANKRUPT—PRODUCTION OF DOCUMENTS.

On the examination of the president of a bank in a bankruptcy proceeding concerning the "acts, conduct, or property" of a bankrupt corporation in aid of a suit brought by the trustee against the bank to recover sums alleged to have been taken by it from the corporation when insolvent, and applied on a personal indebtedness of the bankrupt's president, a private memorandum book of the witness, and which he testified was kept by him during the time the payments were being made, and contained entries of such payments as made, is competent evidence, and the witness may properly be required to produce the same.

Petition for Revision of Proceedings of the District Court of the United States for the District of Connecticut, in Bankruptcy.

For opinion below, see 151 Fed. 542.

This cause comes here upon petition to review an order of the District Court, District of Connecticut, which, in response to a certification of the question by the referee, refused to require a witness to produce a certain book, upon an examination then being had before the referee under section 21a of the bankruptcy act July 1 (30 Stat. 552, c. 541 [U. S. Comp. St. 1901, p. 3430]).

Goodwin Stoddard and S. C. Loomis (Adelbert A. Skeel, of counsel), for petitioner.

Bristol Stoddard and Beach & Fisher, for respondent.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. The district judge apparently reached the conclusion indicated in the order sought to be reviewed, because he was of the opinion that the entries in the book were not competent evidence. The matter being inquired about was the receipt and disposition by a bank of 8 per cent. discounts on certain notes of the bankrupt; it being suggested that all sums taken by the bank in excess of 6 per cent. were applied by it with full knowledge to an old indebtedness due to the bank from the president of the bankrupt. The president of the bank was on the stand, and the book was within his control, being in the hands of his counsel. Said counsel testified that the book did not belong to the bank, but was the president's personal property, containing a mere compilation from the books of the bank, a mere mathematical computation or calculation. Manifestly this statement is largely hearsay. Whether the book contains original entries or merely compilations from other entries could be told only by one who knew when and under what circumstances the entries were made. The president himself testified that the book was one which "he kept during all the time that these payments were being made," that the "payments were entered therein as they were made," and that the entries were in the handwriting of the president or the cashier. Under these circumstances the evidence was competent certainly as to details of date and amount which could not be carried by the unaided memory; and it should have been produced. Whether or not any particular entry was obnoxious to some valid objection was a question to be determined by the referee with the book before him.

The order of the District Court is reversed, and the order of the referee requiring the production of the book is sustained.