In re LEVY.

(District Court, E. D. Pennsylvania.   May 1, 1919.)

No. 6094.

1. BANKRUPTCY ☞372—REOPENING CLOSED ESTATE—PETITIONERS—CREDITORS.
    For the purpose of petitioning for reopening, under Bankruptcy Act,
    July 1, 1898, § 2, cl. 8 (Comp. St. § 9586), a closed bankrupt estate, as hav-
    ing been closed before being fully administered, persons who were credi-
    tors of the estate before bankrupt's discharge are still such.

2. BANKRUPTCY ☞372—REOPENING CLOSED ESTATE—NOTICE.
    As order, under Bankruptcy Act July 1, 1898, § 2, cl. 8 (Comp. St. §
    9586), to reopen closed bankrupt estate as closed before fully administered,
    is limited to distribution purposes, it in no way affects bankrupt, and so
    need not be on notice to him.

3. COURTS ☞508(2)—RESTRAINING ORDER—NOTICE.
    A restraining order in a proceeding in bankruptcy is not within the pro-
    visions of Judicial Code, § 265 (Comp. St. § 1242), limiting the granting of
    injunction by a federal court to stay proceedings in a state court, nor
    within the scope of equity rule 73 (198 Fed. xxxix, 115 C. C. A. xxxix), re-
    quiring preliminary injunction and temporary restraining order to be on
    notice.

4. INJUNCTION ☞167—RESTRAINING ORDER—MOTION TO VACATE.
    A motion to vacate or modify a restraining order is one which the
    court will always entertain.

5. BANKRUPTCY ☞372—REOPENING CLOSED ESTATE—RESTRAINING ORDER—
    VACATION.
    Merely because a restraining order, in connection with an order reopen-
    ing a closed bankrupt estate as having been closed before being fully ad-
    ministered, was made without notice to bankrupt, he is not entitled to
    have it vacated; the property to be affected belonging, on the face of the
    proceedings, to the estate, and bankrupt not averring an interest therein,
    but repudiating all claim thereto.

In Bankruptcy.   In the matter of Abraham Levy, individually and
trading as A. Levy & Co., bankrupt.   On motions of bankrupt to vacate
certain orders.   Motions denied.

See, also, 259 Fed. 316.

Maurice J. Speiser and Jacob Weinstein, both of Philadelphia, Pa.,
for petitioners.

Rose & Fischer, of Philadelphia, Pa., opposed.


On Petition to Vacate Order Reopening Estate.

DICKINSON, District Judge.   [1, 2] The order now asked to be
vacated was made under clause 8 of section 2 of the Bankruptcy Act
(Act July 1, 1898, c. 541, 30 Stat. 545 [Comp. St. § 9586]), which em-
powers the court, in the exercise of the jurisdiction conferred upon it
as a court of bankruptcy, to reopen closed estates "whenever it ap-
pears they were closed before being fully administered."   The finding
upon which the order was predicated was that unadministered as-
sets of the estate had come to light.   The petition to vacate is made
on behalf of the bankrupt.   He was granted his discharge.   The prayer

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of his petition is based upon the averments that the order was made without notice to him, and that it was made upon the petition of persons not creditors of the estate. The latter averment is in turn based upon the distinction that, although they were at one time creditors of the bankrupt, having not only provable but proved claims, yet as the bankrupt had been granted his discharge he had ceased to be a debtor, and ex vi termini they had ceased to be creditors. It is, of course, not denied that they have an interest in the assets of the bankrupt estate, but the distinction made is fortified by the further distinction that they have such interest qua owners, but not qua creditors. The latter distinction may be accepted without in any way carrying the consequence of a denial of the right of such creditors to apply for the reopening of the case. The attempt to distinguish between the status of a creditor before and after discharge may be met with the comment that they are creditors, within the meaning of and as defined in the bankruptcy statute, and with the further comment that the distinction sought to be made is for present purposes of no practical value. As the order to reopen is limited to distribution purposes, it in no way affects the bankrupt.

The prayer of the petition to vacate is denied.

### On Motion to Vacate Restraining Order.

[3-5] The petition to vacate was argued and perhaps filed under a misapprehension of the situation. The proceeding is in bankruptcy, and because of this not within the provisions of section 265 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1162 [Comp. St. § 1242]), or within the scope of equity rule 73 (198 Fed. xxxix, 115 C. C. A. xxxix). A motion to vacate or modify a restraining order is, however, one which the court will always entertain. The only possible interest, however, which a bankrupt would have in unadministered assets, is by virtue of his claim to his exemption, or to deny the assets in question to be the assets of the bankrupt estate, by setting up that the assets are property acquired by the bankrupt after his discharge, or for some other reason. No ground for the vacation or modification of the restraining order is advanced, except that it was made without notice to the bankrupt. The averment of the truth of this fact is itself denied. We need make no findings upon this point, however, as on the face of the proceeding the bankrupt has no interest in the assets of the bankruptcy estate. On the face of the proceedings the property to be affected belongs to the estate, and not only does the bankrupt not aver an interest, but it is asserted in the answer, the facts set up in which are admitted for the purposes of this argument, that he has specifically withdrawn from and repudiated all claims to an ownership interest.

The prayer of the petition to vacate, etc., is denied.