## In re SCHREIBER.

Circuit Court of Appeals, Second Circuit. January 9, 1928.

No. 106.

1. Bankruptcy ⊙⇒372—Creditor's application to reopen bankrupt estate held not barred by lapse of two-year period as suit by or against trustee (Bankr. Act, §§ 2 [8], 11d [11 USCA §§ 11, 29]).

Proceeding on part of creditor to reopen bankrupt estate on account of unadministered assets, under Bankruptcy Act, § 2 (8), 11 USCA § 11, which invests bankruptcy courts with jurisdiction to reopen estates whenever it appears they were closed before being fully administered, held not barred by section 11d (11 USCA § 29), imposing two-year limitation on suits by or against trustee, since creditors' application to reopen estate is not a suit.

2. Bankruptcy ⊙⇒372—Bankrupt, having secret right to refund of taxes at time of filing voluntary petition, held proceeds of claim as unadministered assets in trust for creditors, permitting reopening of estate after lapse of two years (Bankr. Act, §§ 2 [8], 11d, 70 [11 USCA §§ 11, 29, 110]).

Where bankrupt had right to refund of taxes at time of filing voluntary petition, under which title would have passed to trustee, under Bankruptcy Act, § 70 (11 USCA § 110), had trustee known of claim and qualified, bankrupt held claim in trust for creditors, and proceeds thereof constituted unadministered assets of estate, for which estate was properly reopened, under section 2 (8), 11 USCA § 11, though two-year limitation period relative to suits by or

against trustee under section 11d (11 USCA § 29), had expired.

**3. Bankruptcy ☞372—Application to reopen bankrupt estate is addressed to sound discretion of federal District Court (Bankr. Act, § 2 [8], 11 USCA § 11).**

Granting or denial of an application to reopen bankrupt estate under Bankruptcy Act, § 2 (8), 11 USCA § 11, is addressed to the sound discretion of federal District Court.

**4. Bankruptcy ☞372—Order reopening bankrupt estate may be made ex parte, without notice to bankrupt (Bankr. Act, § 2 [8], 11 USCA § 11).**

Court may reopen bankrupt estate for unadministered assets, under Bankruptcy Act, § 2 (8), 11 USCA § 11, ex parte, without notice to bankrupt.

Appeal from the District Court of the United States for the Southern District of New York.

Application by Rudolph Schreiber, bankrupt, to vacate an order granted upon the petition of the Public National Bank & Trust Company of New York, which reopened the bankrupt estate. From an order denying the application, bankrupt appeals. Affirmed.

Zalkin & Cohen, of New York City (Nathan Coplan and Louis S. Ehrich, both of New York City, of counsel), for appellant.

Moses & Singer and Henry Caplan, of New York City (Henry B. Singer, of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge. On February 23, 1923, Rudolph Schreiber was adjudicated a bankrupt upon his voluntary petition. He was granted a discharge June 27, 1923, and the estate was formally closed February 9, 1924. Thereafter on May 24, 1927, an order reopening the estate for the purpose of administering subsequently discovered assets was granted ex parte upon the petition of the Public National Bank & Trust Company of New York, a creditor whose claim had been proved and allowed. The order also referred the matter to a referee for the purpose of calling a meeting of creditors for the election of a trustee and for further proceedings. On June 2, upon notice to said creditor, the bankrupt moved to vacate the order of May 24, 1927. The present appeal is from an order denying this motion.

It appears that the United States, although scheduled as a creditor of the bankrupt on account of an additional assessment for taxes for preceding years, was in reality his debtor; that the bankrupt, who first learned of the existence of his claim against the government after the estate had been closed, succeeded in 1926 in obtaining a sum in excess of $100,000 as a refund of taxes paid for the years 1918 and 1919; and that he has used "nearly all" of this money to pay certain of his former creditors "to whom he considered himself under moral obligation." He now objects to the reopening of the bankruptcy proceedings, and to being questioned and perhaps required to account for this money.

Section 2 (8) of the Bankruptcy Act (11 USCA § 11) invests courts of bankruptcy with jurisdiction to "close estates, whenever it appears that they have been fully administered, * * * and reopen them whenever it appears that they were closed before being fully administered." Section 11d (11 USCA § 29) provides that "suits shall not be brought by or against a trustee of a bankrupt estate subsequent to two years after the estate has been closed." The bankrupt contends that the latter section limits the time within which the power conferred by the former may be exercised.

[1] This position is untenable. Section 11d relates to "suits by or against a trustee." Clearly a creditor's application to reopen the estate is not such a suit. In re Paine (D. C. Ky.) 127 F. 246. Numerous cases have allowed the estate to be reopened after a much longer period than 2 years. In re Paine, supra, 4 years; Pollack v. Meyer Bros. Drug Co. (C. C. A. 8) 233 F. 861, 5 years; In re Pierson (D. C. S. D. N. Y.) 174 F. 160, 10 years; In re Lighthall (D. C. N. D. N. Y.) 221 F. 791, 12 years. See, also, Bilafsky v. Abraham, 183 Mass. 401, 67 N. E. 318; Duncan v. Watson, 198 Ala. 180, 73 So. 448; Remington, Bankruptcy (3d Ed.) § 2971 et seq. Neither decision nor text-writer, so far as we have been able to discover, has ever suggested that the court's power to reopen is subject to the 2-year limitation for which the bankrupt now contends. Section 11d can have no possible bearing on the reopening of an estate, where unadministered assets are in hand or are obtainable without suit. If the United States, instead of paying the tax refund to Schreiber himself, had paid it to his former trustee in bankruptcy, no one could doubt the power of the court to reopen the proceedings for the purpose of administering this sum.

[2] The notion which underlies the bankrupt's argument is really that section 11d bars any proceeding which the trustee hereafter to be elected may bring to compel the bankrupt to account, and therefore there is no unadministered asset, without which the reopen-

ing of an estate is not only futile, but unauthorized. It would seem to be a sufficient answer to reply that the defense of the 2-year limitation should be raised in the proceeding which the trustee may hereafter bring, rather than by motion to vacate the order reopening the estate. But we are willing to discuss the question upon broader ground. Even if it be assumed arguendo—an assumption contrary to Bilafsky v. Abraham, 183 Mass. 401, 67 N. E. 318—that reopening an estate is not justified when the only unadministered asset is a claim upon which suit by the trustee in bankruptcy will be barred by section 11d, such a principle would not save the argument, because a proceeding to compel a bankrupt to hand over estate property is not a suit within the meaning of section 11d. An analogous provision in the former Bankruptcy Law is found in section 5057 of the Revised Statutes. That provision was held to relate to suits by or against the assignee in bankruptcy with respect to parties other than the bankrupt, and to have no application to a suit against the bankrupt. Phelps v. McDonald, 99 U. S. 298, 25 L. Ed. 473; Thomas v. Blythe (C. C. A. 4) 55 F. 961. We think the same construction should be given to the present act. Section 11d was never meant to allow the bankrupt to appropriate property which the trustee should have taken possession of before the estate was closed. It was intended as a statute of repose for litigation between the trustee and third persons. Schreiber's right to a refund of taxes was in existence when he filed his voluntary petition. Title would have passed to his trustee in bankruptcy under section 70 (11 USCA § 110), had the trustee qualified, as he would have done, had he known of the bankrupt's claim. Until the appointment and qualification of a trustee, Schreiber held the claim in trust for his creditors or for the trustee thereafter to take office. Johnson v. Collier, 222 U. S. 538, 32 S. Ct. 104, 56 L. Ed. 306. The proceeds of the claim he must hold upon the same trust. Such proceeds are therefore unadministered assets of the estate, and a proceeding by the trustee to compel the bankrupt to account for them will not be within section 11d.

Kinder v. Scharff, 231 U. S. 517, 34 S. Ct. 164, 58 L. Ed. 343, upon which the bankrupt rests his entire argument, is not inconsistent with what we have said above. There the trustee was suing a third person to recover property fraudulently conveyed before the bankruptcy. Mr. Justice Holmes stated the problem there involved as follows:

"The question is simply whether, when, after an estate is closed, and more than two years later a trustee comes to the conclusion that he undervalued a claim that he knew of and might have sued upon, or finds that the value has risen since, the bankruptcy court may reopen the estate for the sole purpose of getting rid of the statute, and allowing the trustee to sue."

The situation is obviously different here, where no one knew of the existence of the claim until after the estate was closed.

[3, 4] The granting or denial of an application to reopen an estate is addressed to the sound discretion of the District Court. In re Goldman (C. C. A. 2) 129 F. 212; In re Graff (C. C. A. 2) 250 F. 997. The order may be made ex parte, without notice to the bankrupt. In re Levy (D. C. Pa.) 259 F. 314. No valid ground for vacating the order of May 24, 1927, has been shown.

The order appealed from was correct, and is affirmed.