## In re CHAPMAN (two cases).

### Nos. 14773, 14774.

District Court, N. D. New York.
July 21, 1930.

On Motion to Modify, April 2, 1931.

Jacob M. Zinaman, of New York City, for creditor Harry C. Rice.

Louis L. Waters and Frank B. Hodges, both of Syracuse, N. Y., for the bankrupts.

COOPER, District Judge.

This is a motion to vacate an order opening the estate of the bankrupts for the discovery of unadministered assets.

The application for the discharge of the bankrupts, Levi S. and Charles R. Chapman, was returnable before this court at Albany on February 1, 1930. On that date the bankrupts failing to appear, a motion was made on behalf of Harry C. Rice and Frederick W. Le Porin, creditors, to dismiss the application for discharge because of default of the bankrupts in not appearing.

966

The court denied the motion to dismiss, as it is not customary in this district for the bankrupts to appear upon application for discharge unless requested to do so.

The court granted an order reopening the estate of the bankrupts for a further examination of the bankrupt for the purpose of discovering unadministered assets. This order was dated February 1, 1930.

The bankrupts now move to vacate or modify said order on the ground that the supporting affidavits are insufficient and failed to reasonably satisfy the court of the requisite jurisdictional fact, namely, that there are some assets belonging to the bankrupt which have not been administered.

■ Prior to the hearing on the merits of the motion to vacate the reopening order, counsel for the creditors made a preliminary objection, to wit, that the bankrupts were not proper parties to make a motion attacking an order reopening an estate. In support of this objection counsel for the creditor cites the following authorities: In re R. C. & L. S. Williams, Bankrupts v. Rice, Jr. (C. C. A.) 30 F.(2d) 814, 13 A. B. R. (N. S.) 442; Schofield v. Moriyama (C. C. A.) 24 F.(2d) 473, 11 A. B. R. (N. S.) 588; In re Levy (D. C.) 259 F. 314, 44 A. B. R. 276; In re Schreiber (C. C. A.) 23 F.(2d) 428, 11 A. B. R. (N. S.) 359.

The cases are not in point in this case. The authorities named by the creditors have to do with situations where assets have actually been discovered after the discharge of the bankrupt. These authorities correctly hold that the bankrupt has no interest in the reopening of the estate where the assets have actually been discovered; that the only purpose of the reopening is to administer the newly discovered assets.

However, the case at bar is not one where assets have actually been discovered. The motion herein made by the creditors is to reopen the estate for a further examination of the bankrupt for the purpose of discovering assets; that is, the creditors claim that by further examination of the bankrupts, some new assets will be revealed. Surely a bankrupt has a right to oppose such a motion, for he is entitled to his discharge upon complete examination. The court holds that the bankrupts herein are entitled to oppose such an order as was issued February 1, 1930.

■ Whether or not the case shall be reopened to permit the further examination of the bankrupt is in the sound discretion of the court. In re Schreiber (C. C. A.) 23 F. (2d) 428. But that discretion should be exercised only if the moving papers are of such persuasive character as to reasonably satisfy the court that there are some assets belonging to the estate which have not been administered. Matter of Snyder (C. C. A.) 4 F.(2d) 627.

■ The showing made by the creditors seeking the reopening is not very persuasive.

It appears by the affidavit of the attorney for the City Bank Trust Company of Syracuse that the creditors who took an active part in the proceedings selected the attorney for the trustee to examine the bankrupt, apparently without any influence being exerted by the bankrupts themselves. The attorney selected was a well-known lawyer of Syracuse, whose integrity cannot be questioned and who is the head of an important law firm of that city. The court is unwilling to believe that the duty of the attorney for the trustees was neglected in any manner by this competent attorney.

Moreover, another well-known Syracuse attorney appeared for a New York bank, one of the larger creditors, and conducted a separate examination of the bankrupt.

The creditor Harry C. Rice was personally present and consulted at length with the attorney representing the bank before and during one or more of the days on which the bankrupt was examined.

The letters of one of the objecting creditors, sent to one of the bankrupts and submitted to the court on his motion, clearly indicate malice toward the bankrupt as the motive for the reopening of the estate rather than any reasonable expectation of discovering any unadministered assets. The showing of the probability of such discovery is in no wise strong or convincing.

The opening of the estate of the bankrupt for the purpose of discovering unadministered assets is not the same as the examination of the bankrupt upon his application for discharge. The latter examination also is in the discretion of the court. While the statute as to the scope of such latter examination is not at all specific, a reasonable interpretation is that such examination is for the purpose of enabling the creditors to file objections to the discharge upon the grounds specifically named in the statute.

The court has decided that the creditors may have an examination upon the subjects hereinafter enumerated which must include

any right to further examination upon the application for discharge. But if it appears, in the course of the examination upon the subjects mentioned, that such examination is unduly prolonged or that any publicity inspired by the objecting creditors indicate harassment and humiliation of the bankrupt as the object of the examination, rather than discovery of assets or obtaining of information for filing of objections to discharge, the referee and special master is authorized in his discretion to suspend the examination at any time, to enable the bankrupt to apply to the court for an order entirely vacating the order of February 1, 1930.

If the creditors do not accept the limitations of this order, then the motion to vacate the order granted on February 1, 1930, reopening the case for further examination of the bankrupt is granted, and, of course, the creditors have their right of appeal.

The subjects upon which the examination may be opened, and upon which also the creditors may seek information upon which to base specifications for objecting to the discharge, are as follows:

1. The account of the bankrupt Charles R. Chapman in the City Bank Trust Company, both at and after the filing of the petition in bankruptcy.

2. All transfers of real estate and the proceeds thereof, the title to which at any time vested in the daughter or wife of either of the bankrupts.

3. The ownership and sale of the certificate of the Morningside Cemetery Association and the disposition of the proceeds of sale and present ownership of certificates or the proceeds of the sale.

Mr. Ben Wiles, Referee in Bankruptcy at Syracuse, N. Y., is appointed special master for the purpose of such examination.

In view of the fact that there are hardly sufficient assets to pay for the expenses of administration, the services and disbursements of the special master must be paid in the first instance by the objecting creditors, which shall be payable to them out of any heretofore undiscovered assets of the estate, if any shall be discovered as a result of the examination conducted by them under the order to be entered herein.

The order of February 1, 1930, is modified in accordance with the terms and conditions herein set forth. As hereinbefore stated, if the modification of the order dated February 1, 1930, herein outlined is not satisfactory to the objecting creditors, the order dated February 1, 1930, is vacated in toto.

## On Motion to Modify the Foregoing Decision.

After consideration of the papers and records in the motion in the above matters to modify the order made herein limiting the present examination of the bankrupts to certain subjects therein mentioned and permit the examinations to continue without any limitation, in view of the voluminous papers and records and the complexity of the matters involved and the difficulty of defining limits of appropriate examination, I have decided to vest in the special master the discretion to control the scope of the examination.

He will be better able to determine the propriety of inquiry into any matter sought to be inquired into with the counsel and witnesses before him, than is the court with only the record, sometimes imperfect and uncertain, before him.

Then too, as referee, he took the examination of the bankrupts at the first and subsequent meetings of the creditors and will be better able to determine whether subjects exhaustively inquired into upon such examination should be further inquired into in the absence of reasonable ground to believe that there were any assets not fully disclosed on such previous examination, or that bankrupts have committed any acts not already disclosed which are material upon the question of their right to a discharge in bankruptcy.

Accordingly, the order of July 22, 1930, is modified to provide that examination of the bankrupts and any other witnesses who may be produced, may be continued as to the three subjects named in said order and that the objecting creditors may also examine the bankrupts and any other witnesses on any subjects or matters which in the judgment of the referee relate to, or will aid in, the determination of the bankrupts' right to discharge in bankruptcy or seem reasonably to be likely to lead to the discovery of assets of the bankrupts not heretofore disclosed.

All other limitations in the orders relating to the examination of the bankrupts are left undisturbed.

An order may be entered in accordance herewith which may provide that the examination shall proceed on five days' notice unless the parties otherwise agree.

The court desires to know what disposition counsel desire be made of the motion

papers, etc. In the absence of agreement, within ten days, the papers will be filed in the clerk's office.