## In re LANE.

## McLENDON et al. v. LANE.

### No. 4192.

District Court, E. D. South Carolina.

July 15, 1936.

Henry E. Davis, of Florence, S. C., and R. H. Singletary and Henry C. Jennings, both of Bishopville, S. C., for petitioners.

L. D. Jennings, of Sumter, S. C., and C. B. Ruffin, of Bishopville, S. C., for respondent.

MYERS, District Judge.

On the 24th day of September, 1935, Joseph Benjamin Lane filed in this court his voluntary petition in bankruptcy, and was on that date adjudicated a bankrupt. The cause was duly referred to the referee in bankruptcy, and at the first meeting of creditors, held before the referee on October 8, 1935, the referee made an order refusing to appoint a trustee in bankruptcy for the said bankrupt, Joseph Benjamin Lane, on the ground of insufficiency of assets; which order was duly filed with the clerk of court on the 9th day of October, 1935. On the 28th day of October, 1935, the said Joseph Benjamin Lane, bankrupt, filed his petition for discharge, which discharge was granted by this court by order dated and filed January 20, 1936.

By their petition, filed with this court on the 3d day of July, 1936, the petitioners allege that, following his discharge in bankruptcy by this court on January 20, 1936, the said Joseph Benjamin Lane commenced an action in the court of common pleas for Lee county, S. C., against petitioners, on the 28th day of May, 1936, seeking (1) to enforce certain alleged contracts relating to real estate; (2) of having it declared that petitioners hold certain real property in trust for him; (3) of canceling and setting aside a certain mortgage; and (4) of recovering substantial damages from petitioners growing out of alleged breaches of such contract and relations; a copy of the complaint in said action being filed with said petition.

The record shows, as set out in said petition, that the said Joseph Benjamin Lane, bankrupt, failed to file with his voluntary petition or within ten days after the filing thereof, a schedule of his property, showing the amount and kind thereof, the location thereof, its money value in detail, and the list of his creditors showing their residences if known, as required by section 7 of the Bankruptcy Act as amended (11 U. S.C.A. § 25).

Petitioners allege that by reason of the fraudulent concealment of assets of the said Joseph Benjamin Lane, and the duty and power of the court to reinstate the petition in bankruptcy, the reopening of the same and the appointment of a trustee in bankruptcy, petitioners will be subjected, in such

event, to similar suits against them by the trustee in bankruptcy of the said Joseph Benjamin Lane, if and when appointed; and hope that their rights will be protected by an order of this court reinstating and reopening the cause, with instructions that a trustee in bankruptcy be appointed, and that he be authorized to bring the matters set forth in the action instituted in the state court before this court for adjudication, to the end that the estate of the said Joseph Benjamin Lane, bankrupt, may be fully administered by this court.

On this petition an order was filed, requiring the respondent, Joseph Benjamin Lane, to show cause on the 13th day of July, 1936, why the prayer of the petition should not be granted, and enjoining and restraining him from further action in the state court pending a hearing thereon.

The return of the respondent to the rule to show cause submitted that his failure to report his assets, the property rights which he now seeks to establish by suit against the petitioners in the state court, was due solely to his lack of knowledge of his legal rights; that he included in his petition all property of any kind, the ownership of which he was aware; and that he did not then, nor does he now, seek in anywise to hinder, delay, or defraud any of his just and lawful creditors. The return asks the discharge of the rule on the ground that petitioners are not creditors of the bankrupt and have no such interest in the bankrupt estate as would entitle them to be heard on the request for revocation of the discharge of the bankrupt, and the reinstatement for the purpose of having all of his estate administered in the bankruptcy proceeding; citing Gilbert's Collier on Bankruptcy, 62, 63; In re Chandler (C.C.A.) 138 F. 637; In re Meyer (D.C.) 181 F. 904; Hunter v. Commerce Trust Co. (C.C.A. 8th) 55 F.(2d) 1.

These citations are undoubtedly forceful expressions of general application, but are not, in my opinion, applicable to the matter under consideration. The purpose of bankruptcy legislation would seem to be (1) the relief of a hopelessly involved debtor and his chance of rehabilitation; (2) the protection of creditors by a fair and proper administration of the bankrupt's estate. In order to accomplish this dual purpose, the courts are given a wide power and discretion, particularly in title 11, chapter 2 (section 11), subdivisions 8 and 12, U.S.C.A., which make provision for the reopening of cases whenever it appears that they were closed before being fully administered and to set aside discharges and reinstate cases.

Here, from whatever source the information comes, it appears that there was concealment of assets, constituting a fraud upon creditors; that the estate of the bankrupt was not fully administered when the discharge was granted, and that, for the proper discharge of the powers and duties of the bankruptcy court, the discharge heretofore granted should be set aside and the case reinstated. To hold otherwise, with the facts of this case before the court, would be to enable the bankrupt to avail himself of the discharge of his obligations to creditors, and to enable the bankrupt, by such discharge, to proceed with the enforcement of substantial claims, by this method converted to his own use for his own purposes.

It is therefore ordered, that the discharge heretofore granted to the said Joseph Benjamin Lane, bankrupt, on the 20th day of January, 1936, be and the same is hereby revoked and set aside; that the petition of the said Joseph Benjamin Lane, bankrupt, filed on the 24th day of September, 1935, be reinstated; that the referee, in the usual course, appoint a trustee in bankruptcy for the said bankrupt, with authority and power in the said trustee to enforce and to have such claims as the said bankrupt has asserted in the state court proceedings referred to, adjudicated and determined, to the end that the estate of the said Joseph Benjamin Lane, bankrupt, may be fully administered by this court.