## In re KRIEG.

## Petition of SAFE DEPOSIT BANK OF POTTSVILLE.

### No. 20218.

District Court, E. D. Pennsylvania.
March 20, 1941.

Elwyn Jones, W. K. Woodbury, and H. O. Bechtel, all of Pottsville, Pa., for petitioner.

Sidney Lappen, of Pottsville, Pa., for respondent bankrupt.

BARD, District Judge.

This matter comes before the court on the petition of the Safe Deposit Bank of Pottsville, Pennsylvania, for an order reopening the bankruptcy and referring it to the referee in bankruptcy in order that the trustee selected for the purpose of liquidating the assets of the bankrupt may take action looking to the recovery of assets alleged to have been transferred by the bankrupt with intent to defraud creditors.

The circumstances alleged to recommend the action petitioned for are, briefly, as follows: The bankrupt procured a line of credit from the petitioner prior to January, 1928. In furtherance of his application for this credit, he filed a statement of assets and liabilities which included the realty in question. Shortly thereafter, on February 11 of the same year, he conveyed these properties to one Carrie C. Krieg, who on the same date conveyed them to the bankrupt and his wife. The consideration set forth in the deeds was one dollar, and there was no other consideration for the conveyances. At that time, the bankrupt had become indebted to the petitioner in the sum of $4,875.

Further credit was refused by the petitioner when these conveyances were discovered, until the bankrupt and his wife executed a judgment note in the sum of $9,000, payable one year after April 10, 1931, the date of execution. Thereafter the extension of credit was continued. Judgment was entered on the note in January, 1938. Execution on the judgment was opposed by the wife. The judgment was opened and she was permitted to assert the defense that she was an accommodation

maker or endorser. An appeal from this adjudication is pending.

A voluntary petition in bankruptcy was filed January 31, 1938, and he was duly discharged as a bankrupt July 28, 1938.

The petitioner filed a bill in equity in the Common Pleas Court of Schuylkill County, sitting in equity, to No. 2 September term, 1938, praying that the above-stated conveyances be set aside as fraudulent. In an opinion of December 9, 1940, the bill was dismissed for the stated reason that such action should be instituted and prosecuted by the Trustee in bankruptcy.

The bankrupt is alleged to have effected the transfer of the properties in question for the sole purpose of and with the intent to defraud his creditors.

■ It is not alleged that Krieg was insolvent at the time of the transfer. It is alleged, "that said property so conveyed by said deed, * * * transferred and conveyed all of the property or assets of the said Frederick P. Krieg," and although the attached exhibits do not substantiate this allegation, it may be deemed an averment that Krieg was rendered insolvent by the transfer. The petition seems to be founded, however, on the allegation of intent to defraud.

The petition further alleges that the trustee in bankruptcy took no action to obtain possession of the properties for the benefit of creditors, and that if such action were now successfully taken the assets derived therefrom would pay the bankrupt's creditors in full.

Sections 4 and 7 of the Act of the Pennsylvania General Assembly of May 21, 1921, P.L. 1045, No. 379, 39 P.S.Pa. §§ 354 and 357, respectively declare fraudulent all conveyances made when insolvent and which unless for a fair consideration render insolvent, and all conveyances made with actual intent to hinder, delay or defraud either present or future creditors.

The instant petition definitely alleges the conveyances were made with intent to defraud creditors. I am decided that these conveyances, if as alleged, were fraudulent in law.

■ The trustee of the estate of a bankrupt is vested by operation of law with the title to all property transferred by the bankrupt in fraud of his creditors. Act of June 22, 1938, c. 575, § 70, sub. a(4), 52 Stat. 880, 11 U.S.C.A. § 110, sub. a(4). Such transfers are null and void as against the trustee and the trustee should reclaim and recover the property resorting to court action when necessary. Act of June 22, 1938, c. 575, § 70, sub. e, 52 Stat. 882, 11 U.S.C.A. § 110, sub. e.

■ This court is authorized to reopen bankrupt estates for cause shown. Act of June 22, 1938, c. 575, § 2 sub. a(8), 52 Stat. 843, 11 U.S.C.A. § 11, sub. a(8). Grant or denial of an application to reopen is addressed to the sound discretion of the court. In re Schreiber, 2 Cir., 23 F.2d 428; In re Chapman, D.C., 55 F.2d 965; Federal Land Bank of Springfield v. Hansen, 2 Cir., 113 F.2d 82.

The respondent argues that the petitioner has no standing before the court by virtue of which it may properly petition for a reopening of the estate because the petitioner filed no proof of claim and at this date is precluded from doing so. It was listed by the bankrupt, however, as the sole secured creditor, the security being set forth as "judgment notes."

■■ An application or petition to reopen an estate in bankruptcy generally must be made by some party interested in the estate, and who would be benefited by such reopening. It has been stated that petitioners must show that they had provable debts which were affected by the discharge. In re Chandler, 7 Cir., 138 F. 637. In the case of In re Lane, D.C., 18 F.Supp. 382, however, it was held that the source of the information recommending reopening is of only secondary significance, that the primary concern is the protection of creditors by a fair and proper administration of the bankrupt's estate. I am inclined to adopt this position in the instant matter. Furthermore, though the petitioner appears to be precluded from proving a claim at this late date, avoidance of the transfer and reestablishment of title in the bankrupt might well afford an asset for satisfaction of the judgment in favor of the petitioner.

The petition is granted. A decree in accordance herewith may be submitted.